UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MARK LUPOLOVER, individually, and on behalf
of all others similarly situated,

    Plaintiff,

v.

DESIGNER BRANDS INC.,

    Defendant.
_____/

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Designer Brands Inc. ("DSW"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby removes this action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida. In support thereof, DSW provides "a short and plain statement of the grounds for removal," pursuant to 28 U.S.C. § 1446(a), as follows:

### JURISDICTIONAL STATEMENT

1.    Plaintiff Mark Lupolover, individually and on behalf of all others similarly situated, filed a putative class action in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, on or about December 3, 2022. True and correct copies of the complaint (the "Complaint") and any other process, pleadings, and orders that Plaintiff purportedly served on DSW as of the date of this Notice of Removal are attached collectively hereto as Exhibit A.

2.      In the Complaint, Plaintiff asserts two counts under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). (*See* Complaint ¶¶ 41-54.)

3.      Because Plaintiff's TCPA claims arise under federal law, this Court has original subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372, 387 (2012) ("[T]he TCPA is a federal law that both creates the claim [plaintiff] has brought and supplies the substantive rules that will govern the case. . . . In the absence of direction from Congress . . . we apply the familiar default rule: Federal courts have § 1331 jurisdiction over claims that arise under federal law."); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014) (federal courts have original jurisdiction over TCPA claims pursuant to 28 U.S.C. § 1331); *Speidel v. Am. Honda Fin. Corp.*, No. 14-cv-00019, 2014 WL 820703, at *2 (M.D. Fla. Mar. 3, 2014) ("[T]he Court has federal question subject matter jurisdiction over Plaintiffs claims arising under the TCPA . . . ." (citation omitted)).

4.      Because this Court has original subject matter jurisdiction over this action, DSW may remove this action, pursuant to 28 U.S.C. §§ 1441 and 1446.

## PROCEDURAL STATEMENT

5.      Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and any other process, pleadings, and orders that Plaintiff purportedly served on DSW as of the date of this Notice of Removal are attached collectively hereto as Exhibit A.

6.      Pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6, this original Notice of Removal was timely filed within 30 days of Plaintiff's purported service on DSW on February 1, 2023.

7.      Pursuant to 28 U.S.C. § 1441(b)(2), DSW may remove this action without regard to its citizenship, because this Court has federal question jurisdiction under 28 U.S.C. § 1331,

meaning this Court's jurisdiction is not based "solely on . . . jurisdiction under [28 U.S.C.] section 1332(a)."

8.  Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court for the Southern District of Florida is proper, because it embraces the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, where this action was pending before it was removed. *See* 28 U.S.C. § 89(c).

9.  By removing the action to this Court, DSW does not waive any defenses that are available to it under state or federal law. DSW expressly reserves all threshold defenses to this action and its right, for example, to compel individual arbitration under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, to move to dismiss or for the entry of judgment pursuant to Federal Rules of Civil Procedure 12 and 56, and to strike the class allegations or oppose the certification of any putative class, pursuant to Federal Rule of Civil Procedure 23.

## NOTICE

Pursuant to 28 U.S.C. § 1446(d), DSW will promptly file a copy of this Notice of Removal in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, and will give Plaintiff written notice of its filing.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, removal is proper, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and DSW respectfully requests that this action, previously pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, proceed as if this case had originally initiated in the United States District Court for the Southern District of Florida.

Dated: March 3, 2023

Respectfully submitted,

AVILA RODRIGUEZ HERNANDEZ
   MENA & GARRO LLP

 /s/ Martha R. Mora
Martha R. Mora, Esq.
Florida Bar No. 648205
Daniel O. Mena, Esq.
Florida Bar No. 59579
2525 Ponce de Leon Boulevard, Suite 1225
Coral Gables, Florida 33134
Telephone: (305) 779-3560
Email: mmora@avilalaw.com
       dmena@avilalaw.com

SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP

Michael W. McTigue Jr., Esq.*
Meredith C. Slawe, Esq.*
Andrew A. Sabintsev, Esq.*
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
Email: michael.mctigue@skadden.com
       meredith.slawe@skadden.com
       andrew.sabintsev@skadden.com

*Counsel for Defendant Designer Brands Inc.*

* *Pro hac vice* forthcoming

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 3rd day of March, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

*/s/* Martha R. Mora
Martha R. Mora

## SERVICE LIST

*Attorneys for Plaintiff*

Daniel Zemel, Esq.
660 Broadway
Paterson, New Jersey 07514
Telephone: (862) 227-3106
Email: dz@zemellawllc.com

Matthew Fornaro, Esq.
11555 Heron Bay Boulevard, Suite 200
Coral Springs, Florida 33076
Telephone: (954) 324-3651
Email: mfornaro@fornarolegal.com